JUSTICE LEAPHART,
specially concurring.
¶49 I concur with the Court’s opinion. However, I am puzzled as to why the parties have allowed this matter to come up on appeal without first asking the District Court to determine whether the initial 1989 policy would have provided coverage for the loss in question. If there was no coverage under the 1989. policy, then any subsequent “changes” further narrowing coverage would have no bearing or relevancy to Thomas’ claim. As it is, the matter is presented to us with that basic question yet to be answered.
¶50 Thomas’ cause of action is premised on a claim that Northwestern wronged them by not advising them that their policy had been “changed,” i.e., that the pollution exclusion had been broadened such that they no longer had the pollution coverage they originally purchased. If on remand, the District Court determines that there was no coverage to begin with, Thomas’ argument falls apart. In such event, our pronouncements on the law may well be rendered academic. In the interests of judicial economy, the threshold question of whether there was coverage in the first instance should have been raised by the parties in their motions for summary judgment so that the District Court could have addressed the issue and, perhaps, obviated the need for this appeal.
JUSTICE GRAY joins in the foregoing special concurrence.